IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND


MARYLAND ELECTRICAL INDUSTRY   *
HEALTH FUND et al.             *
                               *
         v.                    *      Civil Action WMN-09-CV-778
                               *
K&L ELECTRIC, INC.             *
     *    *    *    *    *    *    *    *    *    *    *    *


                            **MEMORANDUM**

    Before the Court is Plaintiffs' Motion for Judgment By
Default.  Paper No. 8.  The Court has received a memorandum and
affidavit and concludes that a hearing is not necessary.  Local
Rule 105.6.  The record reveals Plaintiffs served the Complaint
on Defendant and that Defendant did not answer the Complaint.
Accordingly, the Clerk entered default as to K&L Electric, Inc.
on June 21, 2010, pursuant to Federal Rule of Civil Procedure
55(a).  Paper No. 9.  Given the default, well-pleaded
allegations of the complaint are deemed admitted, except as to
the amount of the plaintiff's damages. Fed. R. Civ. P. 8(b)(6)
("An allegation – other than one relating to the amount of
damages – is admitted if a responsive pleading is required and
the allegation is not denied.").  The Court finds that default
judgment is warranted and the proposed damages are proven
adequately and will grant the motion.  Although attorneys' fees
and costs are warranted in this action, the Court does not find

the amount requested reasonable and will adjust it accordingly as discussed below.

Local Rule 109.2.b provides that a motion for attorneys' fees must include the attorneys' customary fee for such like work and the customary fee for like work prevailing in the attorneys' community.  Here, Plaintiffs' counsel states that Plaintiff was charged $225.00 per hour for time spent by two attorneys working on this case.  Assuming that amount is Plaintiffs' counsel's customary fee for such like work, Plaintiff has failed to explain how this compares with the customary fee for like work prevailing in the attorneys' community.

This Court requested additional information from Plaintiffs' counsel to explain both the seemingly high number of hours expended on a case resulting in default judgment, 30.25 hours, and the high fee for its services when compared with other attorneys and law firms working on similar matters in this Court.  Paper No. 10.  The Court is satisfied with Plaintiffs' counsel's explanation that what appeared to be a high number of hours used in this case was due to extenuating efforts to resolve the matter with Defendant, including conducting an audit of Defendant's accounting records.  The Court is not satisfied with Plaintiffs' counsel's explanation as to its hourly rate,

however.  In examining similar cases brought by attorneys at other law firms, the Court found Plaintiffs' counsel's rates to be generally higher than those of other firms.  Instead of explaining the difference, Plaintiff's counsel referred the Court to other cases brought by the same attorneys and law firm as in this case to demonstrate that the total fees requested here are not excessive.

In addition, Plaintiffs' counsel's rates are higher than the lodestar rates set out in Appendix B to the Local Rules.  Here, the bulk of the work was done by Brian Esters who was admitted to the Maryland Bar in December 2005.  The lodestar rate for attorneys admitted to the bar for less than five years is $150-190 per hour.  In the absence of any explanation as to how Plaintiffs' counsel's customary fee compares with the customary fee for like work prevailing in this community, despite the Court's request for information regarding its rates, the Court finds that the rate of $150 per hour for Mr. Estes' work is appropriate.  The rate of $225 per hour is appropriate for Ms. Bott's time as Ms. Bott was admitted to the Maryland Bar in December 1998 and the lodestar rate for attorneys admitted to the bar for nine to fourteen years is $225-300.

As Mr. Esters spent 25 hours on this case and Ms. Bott spent 5.25 hours, the Court finds that the appropriate award of attorneys' fees is $3750 for Mr. Esters time and $1,181.25 for

Ms. Bott's time for a total of $4931.25. In addition, Plaintiffs requested $350 in costs for the Complaint filing fee, which this Court will grant pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 109.1.c.

For the foregoing reasons, Plaintiffs' Motion for Judgment By Default will be granted and damages in the amount of $9003.66, which includes $7,366.16 in unpaid employee benefit contributions and remittances, $742.30 in liquidated damages, and $895.20 in interest, will be awarded to Plaintiffs against Defendants. In addition, Plaintiffs' request for attorneys' fees and costs will be granted in the amount of $5,281.25, which includes $4,931.25 in attorney's fees and $350 in costs. A separate order will issue.

                                                _____/s/_____

                                                William M. Nickerson
                                                Senior United States District Judge

DATED: August 3, 2010